IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES FRANKLIN KYKER, ET AL.,      )
                                   )
                 Plaintiffs,       )
vs.                                )          NO. CIV-05-0508-HE
                                   )
THE CITY OF OKLAHOMA CITY,         )
ET AL.,                            )
                                   )
                 Defendants.       )

## ORDER

The plaintiffs initially filed this action in state district court on November 19, 2002, alleging claims under 42 U.S.C. § 1983 and state law.  The lawsuit is premised on Oklahoma City police officers' alleged assault and shooting of James Kyker and their alleged false arrest and imprisonment of the other plaintiffs on November 20, 2000.  Judge Nancy Coats dismissed the case on May 6, 2003, 168 days after it was filed, for the plaintiffs' failure to issue summons or file a waiver of service.  Another attorney then refiled the case on April 30, 2004, within the one year extension provided by Oklahoma's savings statute, 12 Okla. Stat. § 100.[1]  The plaintiffs' original counsel was no longer involved in the case, as he had left private practice.[2]

On February 14, 2005, Judge Bryan Dixon issued a notice of impending dismissal directing the plaintiffs to show cause why the action should not be dismissed for failure to obtain service within 180 days.  In their response to the order the plaintiffs stated that the case had originally been filed by different counsel who, "for reasons not known to current

---

[1] *The plaintiffs failed, though, to comply with the local state court rule requiring their refiled petition to state the style and case number of the prior action and the judge assigned to it.  Contrary to the plaintiffs' assertion, as the City was never served in the first case and was not served in the second case until almost a year after it was filed, the defendant did not fail "to have the case reassigned to the original judge."  Plaintiffs response, p. 5.*

[2] *That attorney, Blake Bostick, had associated with another attorney as co-counsel, but she suffered an untimely death.  Notice and Petition for Removal, Exhibit 7.*

counsel,[3] made a decision to dismiss the case prior to service of process."  Notice and Petition for Removal, Exhibit 7.  The judge then withdrew the notice and extended the service deadline until May 6, 2005.  Defendant City of Oklahoma City was served prior to that date[4] and removed the case to federal court.

The City has now filed a motion contending the action should be dismissed because of untimely service or, alternatively, as a sanction for the dilatory conduct of plaintiffs' counsel.  The defendant also asserts that the plaintiffs' state law claims are barred by the statute  of limitations, that James Kyker's § 1983 claim did not survive his death, that the police officers are not subject to suit in their official capacities, that punitive damages cannot be awarded against a  municipality, and that the plaintiffs have failed to allege a due process violation.  The plaintiffs concede in their response that they may not recover punitive damages from the City and that their state law claims against the municipality are untimely.[5] Those claims will be dismissed.

Dismissal as a Sanction

Dismissal is appropriate, the defendant argues, not just because of the plaintiffs' noncompliance with a local court rule and their misrepresentation to the state court regarding the reason Judge Coats dismissed their case, but because of the prejudice the City has sustained due to the plaintiffs' inordinate delay in effecting service.  On August 6, 2004,

---

[3]*The response was filed by a second attorney.  The plaintiffs now have retained different attorneys to represent them in this removed case.*

[4]*The City was served on April 20, 2005.*

[5]*The plaintiffs correctly argue that the individual officers are not entitled to immunity under the Governmental Tort Claims Act for claims asserted against them based on conduct that allegedly fell outside the scope of their employment.  Houston v. Reich, 932 F.2d 883, 889-90 (10th Cir. 1991). The plaintiffs' state law claims against the unnamed police officers would not, therefore, have been dismissed on that basis if the defendant officers had moved for their dismissal.  However, as noted by the City, it, not the officers, filed the motion to dismiss.*

2

before the City was served with process, James Kyker, the alleged victim of the police conduct that partially forms the basis for the plaintiffs' claims, died.

As service was effected within the time limits set by Judge Dixon, the court must determine whether, notwithstanding that order, dismissal is warranted under Fed.R.Civ.P. 41(b) for failure to prosecute.[6] Rule 41(b) provides in pertinent part: "Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

Gripe v. City of Enid, 312 F.3d 1184, 1189 (10th Cir. 2002) (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).[7] Here, application of these factors suggests that some sanction, but a sanction short of dismissal of the entire case, is warranted.

Clearly the defendant will suffer some prejudice by the delay, due to James Kyker's death and the length of time, over four years, since the alleged incident.[8] The remaining factors do not, however, weigh in favor of dismissal of plaintiffs' claims against the City.

---

[6]*Although, with exceptions not applicable here, a Rule 41(b) dismissal operates as an adjudication upon the merits unless the order otherwise specifies, a dismissal without prejudice would still bar the plaintiffs' claims as the applicable limitations periods have run.*

[7]*The Tenth Circuit noted in Gripe that even though Ehrenhaus involved sanctions for discovery violations, its criteria applied to Rule 41(b) involuntary dismissals, as well as dismissals as sanctions under Rules 16(f) and 37(b)(2)(C).*

[8]*No basis for prejudice, other than the death of Mr. Kyker, was cited by the City. The court notes that his unavailability will affect both the defense and the plaintiffs' case.*

There has been no significant interference with the judicial process[9] and it appears the litigants personally lack culpability.[10]  The delay apparently resulted from a combination of unfortunate circumstances and consecutive, less than diligent, counsel, rather than willful default.  The court recognizes that the explanation the plaintiffs' second attorney gave Judge Dixon as to why their first lawsuit was dismissed was erroneous, but concludes the circumstances fall short of establishing an intentional misstatement.  The circumstances do establish, of course, that plaintiffs were warned --- twice --- that dismissal of the case was possible due to failure to diligently pursue it.  As for the final factor, the court concludes appropriate sanctions exist short of dismissal of the entire case.

The failure to prosecute is particularly egregious as to the individual officer defendants.  Despite the passage of over four years since the date of the underlying incident and over two years since this case was originally filed, and the involvement of three sets of lawyers for plaintiffs, this case is still in the posture of proceeding against unnamed "John Doe" defendants.  These defendants have neither been formally identified nor served.  Under these circumstances, the court concludes an appropriate sanction for plaintiffs' delay is the dismissal of all claims against the individual officers, whether in their official or personal capacities.

The length of time it has taken for this case to proceed past the initial pleading stage is troubling and the potential prejudice to the City is of significant concern. Nonetheless, having considered the Ehrenhaus factors and, noting the absence of compelling evidence of

---

[9]*Rather than being interfered with, the judicial process simply was stalled due to lack of service.*

[10]*The court recognizes that a "party cannot avoid the consequences of the acts or omissions of a freely chosen attorney," 9 C. Wright & A. Miller, Federal Practice and Procedure § 2369, see Gripe, 312 F.3d at 1188-89, but also is reluctant, under the circumstances present here, to penalize the plaintiffs because of their counsels' lack of diligence by dismissing their lawsuit.*

intentional neglect, the court does not find that "'dismissal alone would satisfy the interests of justice.'" Gripe, 312 F.3d at 1188 (quoting Ehrenhaus, 965 F.2d at 918). *Compare with* Gripe, 312 F.3d at 1184 (plaintiff repeatedly missed filing deadlines, despite extensions and warnings that failure to comply with court orders or deadlines could result in dismissal of the action with prejudice, and counsel failed to appear at court-ordered status conference). Instead, the lesser sanction noted above is warranted.

 Survival of § 1983 claim

The City erroneously contends James Kyker's § 1983 excessive force claim did not survive his death. The survival of a § 1983 action is determined by state law, if it is not inconsistent with federal law or the Constitution. Pietrowski v. Town of Dibble, 134 F.3d 1006, 1008 (10th Cir. 1998). Oklahoma law specifically provides that causes of action for injury to the person survive the death of a plaintiff or defendant, 12 Okla. Stat. § 1051, and that, except for libel, slander and malicious prosecution actions, a party's death does not abate a pending action. 12 Okla. Stat. § 1052. Mr. Kyker's § 1983 claim will not, therefore, be dismissed. *See* Pietrowski, 134 F.3d at 1008 (Section 1052 is "not generally inhospitable to survival of §1983 actions, as it preserves all actions except libel, slander, and malicious prosecution.") (internal quotations and citations omitted).[11]

 Due Process Claim

While acknowledging that the plaintiffs have alleged a claim under the Fourth Amendment, the City contends that they cannot assert a due process violation. Both the Fourth and Fourteenth Amendments protect a person's right to be free from the use of

---

[11]*The court does note, however, that plaintiff James Kyker is now deceased and it is far from clear that the other plaintiffs have any right to pursue his claim or claims here. Plaintiffs' counsel should be prepared to address the issue of who speaks for the plaintiff or his estate at status conference, if the issue is not sooner resolved by appropriate motion.*

excessive force.  *See* <u>Jiron v. City of Lakewood</u>, 392 F.3d 410, 414 (10th Cir. 2004).  The claim is analyzed, however, under the Fourth Amendment's reasonableness standard, rather than the substantive due process approach.  *See id.*

Accordingly, the plaintiffs' state law claims and punitive damages claims against the City are **DISMISSED**, as are any claims asserted against the unnamed police officers.  The City's motion to dismiss is otherwise **DENIED**, which leaves for trial the plaintiffs' § 1983 claims alleging Fourth and Fourteenth Amendment violations.  The City's reliance on materials outside the pleadings does not prevent it from raising further issues by motion for summary judgment, if appropriate.[12]

**IT IS SO ORDERED**.

Dated this 26th day of July, 2005

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[12]*Any future briefs should focus on the issues to be addressed, rather than engaging in snide or sarcastic sniping at opposing counsel.*

6